**Robert F. WALSH, Jr., by mother Mary WALSH**

v.

**Margaret HECKLER, Secretary of Health and Human Services.**

Civ. A. No. 84–5059.

United States District Court,
E.D. Pennsylvania.

May 8, 1985.

Stephen F. Gold, Philadelphia, Pa., for plaintiff.

Susan D. Bricklin, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM

CLIFFORD SCOTT GREEN, District Judge.

This action to review denial of plaintiff's application for child's disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 301–1396 (1982), is currently before the court on the parties' cross motions for summary judgment.

Plaintiff has been confined to a mental institution since December, 1978; he has been diagnosed as suffering from paranoid schizophrenia. Plaintiff's mental health problems were apparent as early as 1967 when he was treated for anxiety reaction. In order for plaintiff to be entitled to benefits, however, he must demonstrate that his mental illness became disabling prior to his twenty-second birthday. *See* 42 U.S.C. § 402(d)(1)(B) (1982). The operative date in this case is June 27, 1970. Plaintiff herein alleges a disability onset date of June 26, 1970.

Plaintiff's father filed an application on his son's behalf for disabled adult child's benefits on March 22, 1983. The application was denied initially and on reconsideration by the Office of Disability Operations of the Social Security Administration. The case was subsequently considered *de novo* by an Administrative Law Judge ("ALJ") before whom plaintiff's parents appeared unrepresented by counsel. The only testimony offered was that of the parents. Plaintiff was unable to appear due to his hospitalization at the Haverford State Hospital. The ALJ found that plaintiff did not have a severe mental impairment prior to his twenty-second birthday, and therefore, was not disabled as of such time. Thereafter, the Appeals Council denied plaintiff's request for review so that the ALJ's decision, finding plaintiff not disabled as of his twenty-second birthday and therefore not entitled to adult child's benefits, became the final decision of the Secretary of Health and Human Services ("Secretary"). It is from this final decision that plaintiff appeals.

Plaintiff argues, that he was prejudiced by his lack of representation at the hearing before the ALJ. He argues further that as a result of this prejudice a remand is proper. I agree.

The Third Circuit has stated that "[w]hen [a] claimant has been informed of his right to counsel before an administrative hearing and knowingly waives it, his lack of representation is not, of itself, cause for remand. Lack of counsel is sufficient cause for remand only if supported by a showing of clear prejudice or unfairness at the administrative hearing." *Dobrowolsky v. Califano*, 606 F.2d 403, 407 (3d Cir.1979) (citations omitted). Such prejudice was found by the court in *Dobrowolsky* where the ALJ failed to pursue the possibility that the claimant came within one of the *per se* qualifications for disability under the applicable regulations. *Id.* at 407–08; *see also Livingston v. Califano*, 614 F.2d 342, 345–46 (3d Cir.1980). Plaintiff urges that he was similarly prejudiced at this hearing before the ALJ.

Under 20 CFR Part 404, Appendix 1, § 12.03 (1984), a person is deemed to have a "functional psychotic disorder" and thereby disabled *per se* if both A. and B. are present:

A. Manifested persistence of one or more of the following clinical signs:

1. *Depression* (or elation) or

2. Agitation; or

3. Psychomotor disturbances; or

4. Hallucinations or delusions; or

5. Autistic or other regressive behavior; or

6. *Inappropriateness of affect;* or

7. Illogical association of ideas.

B. Resulting persistence of marked restriction of daily activities and constriction of interests and seriously impaired ability to relate to other people. (emphasis added)

There is evidence in the record which would support a finding that plaintiff falls within the above quoted *per se* qualification for disability. Dr. William J. Galligan, in a letter dated July 14, 1967, to Dr. Phillip S. Backus, noted plaintiff's "depressed affect" and "manic depressive type of swing" in mood. (Tr. 133). Dr. Galligan's treatment notes for plaintiff reveal that on August 7, 1967, plaintiff was "still quite depressed", causing Dr. Galligan to increase plaintiff's medication. (Tr. 147). The notes also reveal that on a date in 1969 (not precisely ascertainable due to the poor quality of the copies of the notes provided in the record) plaintiff was "extremely depressed [with] flattened affect." (Tr. 148). These clinical observations clearly fit within the characteristics of "Depression (or elation)" and "Inappropriateness of affect" set forth in the above quoted regulation. This evidence is also uncontradicted in the record.

In light of the above listed uncontradicted evidence, I must conclude that, as in *Dobrowolsky* and *Livingston*, the ALJ failed to properly develop evidence that would assist him in determining whether plaintiff fell within the *per se* qualifications for disability listed in the regulations. This conclusion is based, *inter alia*, on the fact that the ALJ devoted substantial time at the hearing to the matter of plaintiff's grades and course load while away at college. *See* Tr. 34–38, 51–58. This issue was, however, of questionable relevance given that the ability to attend school does not automatically negate a finding of disability. *See Detamore v. Schweiker*, 569 F.Supp. 288, 290 (E.D.Pa.1983); *see also Parish v. Califano*, 642 F.2d 188 (6th Cir. 1981); 20 CFR § 404.1572(c) (1984). The ALJ did not, however, develop with plaintiff's parents issues such as plaintiff's "restriction of daily activities, constriction of interest", or "impaired ability to relate to other people" prior to June 27, 1970. These factors are set forth in the *per se* qualifications for disability set forth in the regulation. Thus, this case is similar to *Livingston* where "the ALJ failed to inquire properly into claimants strongest argument and yet did inquire about arguably irrelevant matters." *Livingston v. Califano*, 614 F.2d at 346.

502

For the above stated reasons, I find that plaintiff was prejudiced by lack of counsel and the ALJ's failure to adequately develop the record. Accordingly, this case will be remanded to the Secretary for a hearing at which counsel may appear and represent the interest of plaintiff.